IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-00490 HG-07 |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT** |
| | ) | **KAPIHE'S MOTION FOR SEVERANCE** |
| vs. | ) | **OF DEFENDANTS** |
| | ) | |
| AKONI SANDOVAL KAPIHE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT KAPIHE'S
MOTION FOR SEVERANCE OF DEFENDANTS**

Defendant Akoni Sandoval Kapihe ("Kapihe") has moved to sever his case from Co-defendants Robert Kupahu ("Kupahu") and Keoki Astronomo ("Astronomo"). Kapihe contends that severance is warranted because a joint trial would violate his rights under the Confrontation Clause and the Compulsory Process Clause of the Sixth Amendment of the United States Constitution.

Kapihe contends that prosecution witnesses may testify that co-defendants made numerous admissions that controlled substances were being brought into Federal Detention Center Honolulu ("FDC Honolulu") by Kapihe, and that this would deny him his right to confront the witnesses against him. Kapihe further contends that co-defendants Kupahu and Astronomo could provide exculpatory testimony that Kapihe had no knowledge that controlled substances were being concealed in the prohibited objects being brought into FDC Honolulu by Kapihe. The Court finds that severance is not warranted in order to protect all defendants' constitutional

rights to a fair trial.  Defendant Kapihe's Motion for Severance is **DENIED**.

## BACKGROUND

The Superseding Indictment charges Defendant with:

(1) Count 1 - conspiracy to distribute methamphetamine, a Schedule II controlled substance;

(2) Count 2 - conspiracy to provide an inmate of a prison a prohibited object; and

(3) Count 5 - Providing an inmate of a prison a prohibited object.

The Government contends that the evidence at trial will demonstrate the following:

## PROCEDURAL HISTORY

On April 27, 2006, Kapihe was charged in the second superseding indictment.

On May 4, 2006, Kapihe filed a Motion to Continue and to Sever.

On May 8, 2006, Co-defendant Astronomo filed his Statement of No Opposition.

On May 11, 2006, the Government filed a Memorandum in Opposition to Kapihe's motion.

On May 12, 2006, Co-defendant Kupahu filed a Position Statement to join in Kapihe's motion for severance and separate trial for Defendant Kapihe but opposing continuance of the trial.

On May 17, 2006, the Government filed a Reply to Kupahu's Position Statement.

On May 23, 2006, Co-defendant Astronomo filed a supplemental memorandum of law in support of Kapihe's motion.

On May 26, 2006, at the scheduled hearing, the Court granted Defendant's Motion to Continue Trial. The Court took Defendant's Motion to Sever under advisement, giving the Government until June 9, 2006 to file a proffer. The Court gave the Defendants until June 16, 2006 to file a response to the Government's proffer.

On May 31, 2006, the Government filed its proffer. No defendant responded to the Government's proffer.

## STANDARD OF REVIEW

Generally, Fed. R. Crim. P. 8(b) permits joinder of defendants who allegedly committed the same crime. Although joinder promotes efficiency, Fed. R. Crim. P. 14 provides that trials may be severed where it appears that a joint trial would cause prejudice. The defendant seeking severance must establish "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Under Fed. R. Crim. P. 14, the Court has broad discretion to grant or deny requests to sever joined defendants after balancing the interest in judicial

economy against the risk of prejudice to the defendant.  See e.g., United States v. Olson, 504 F.2d 1222, 1224 (9th Cir. 1974).

## ANALYSIS

Kapihe argues that his trial should be severed from the co-defendants because: (1) prosecution witnesses may testify that Kapihe's co-defendants made numerous admissions that Kapihe was bringing controlled substances in to FDC Honolulu, thus denying Kapihe his right to confront witnesses against him; and (2) Kapihe believes that the co-defendants could provide exculpatory evidence proving Kapihe's lack of knowledge of the crime, and a joint trial would prohibit Kapihe from compelling them to testify on his behalf, violating the Compulsory Process Clause.

**I.   Confrontation Clause**

   **A. Legal Framework**

The Confrontation Clause of the Sixth Amendment of the United States Constitution guarantees the right of a criminal defendant "to be confronted with the witnesses against him." Richardson v. Marsh, 481 U.S. 200, 206 (1987).  "The right of confrontation includes the right to cross-examine witnesses." Id.

In Bruton v. United States, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant's Sixth Amendment right to confrontation is violated where an unredacted facially

incriminating confession of a co-defendant is introduced at the defendants' joint trial and the confessing co-defendant does not testify.  The Court found a Sixth Amendment Confrontation Clause violation even though the trial court instructed the jury to consider the confession only as evidence against the confessing defendant.  The Court recognized that while a limiting instruction may provide adequate protection in certain circumstances:

> [T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. ... Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial . . .

Id. at 135-36 (citations omitted).

The Court in Richardson v. Marsh, 481 U.S. 200 (1987) explained the limitations of the holding in Bruton.  In Marsh, the trial court admitted a non-testifying co-defendant's confession.  The confession had been redacted to omit not only the other defendant's name, but any reference to her existence.  The trial court also instructed the jury that the confession was not to be used as evidence against the other defendant.  The Marsh Court distinguished Bruton because in Bruton the codefendant's confession "expressly implicat[ed]" the defendant as his accomplice.  Marsh, 481 U.S. at 208 (citing Bruton, 391

U.S. at 124 n.1)).  By contrast, the prosecution redacted the confession in Marsh to eliminate any reference to the defendant's existence.  After redaction, the confession was not incriminating on its face, but only became so when linked with evidence introduced later at trial.  Id.

In certain instances, redaction may not be sufficient to cure a Confrontation Clause problem.  A redacted confession in which the defendant's name is replaced by a blank space, the word "deleted", or a similar symbol is insufficient to protect the defendant's rights under the Confrontation Clause.  See Gray v. Maryland, 523 U.S. 185, 197 (1998).  In United States v. Peterson, 140 F.3d 819, 822 (9th Cir. 1998), the court applied Gray, and held that the redaction of the defendant's name for "person X" was clearly impermissible.  In the context, it was obvious that the prosecution had redacted the defendant's name from the statement.

The American Bar Association Standards for Criminal Justice also provide guidance in situations involving joint trials and codefendant confessions.  ABA Standards for Criminal Justice 13-3.2, entitled "Severance of defendants" provides, in part:

> (a)  When a defendant moves for severance because an out-of-court statement of a codefendant makes reference to, but is not admissible against, the moving defendant, the court should determine whether the prosecution intends to offer the statement in evidence as part of its case in chief. If so, the court should require the prosecuting attorney to elect one of the following courses:

6

>    (i)   a joint trial at which the statement is not
>          admitted into evidence.
>
>    (ii)  a joint trial at which the statement is admitted
>          into evidence only after all references to the
>          moving defendant have been deleted, provided that,
>          as deleted, the statement will not prejudice the
>          moving defendant, or
>
>    (iii) severance of the moving defendant.

**B.    The Parties' Positions**

Kapihe states that he believes that prosecution witnesses may testify that co-defendants made numerous admissions that controlled substances were being brought into FDC Honolulu by Defendant Kapihe.  Such evidence Defendant Kapihe claims would deny him his right to confront the witnesses against him. (Kapihe Mtn. at 6-7.)

The Government first points out that Kapihe does not disclose the statements that form the basis of his motion.  The Government assumes that Kapihe is referring to statements made by Co-defendants Kupahu and Astronomo during the period of the conspiracy.  Kapihe did not dispute the Government's position at the hearing.  Kapihe's argument fails as admissions made by co-defendants who are co-conspirators are admissible pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence ("FRE"). (Gov. Opp. at 7-8.)

**C.    The Court's Analysis**

Under the circumstances alleged here, the Court finds that the introduction of Co-defendants Kupahu and Astonomo's

statements during the United States' case in chief does not violate Kapihe's rights under the Confrontation Clause. An out-of-court statement by a co-conspirator is admissible if (1) there is independent evidence of the existence of a conspiracy, (2) the statement was made in furtherance of the conspiracy, and (3) the statement was made during the course of the conspiracy. <u>United States v. Arias-Villanueva</u>, 998 F.2d 1491, 1502 (9th Cir. 1993). The Government maintains that there is independent evidence that satisfies these requirements, including Kapihe's own admissions about his involvement.

It is important to note that neither Kupahu or Astronomo made any post-arrest statements to law enforcement. This distinguishes the facts of this case from the facts in <u>Bruton v. United States</u>, 391 U.S. 123 (1968), which held that the admission of a co-defendant's confession in a joint trial violated the petitioner's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.

The Government has also set forth that it intends to introduce a portion of statements made by Kapihe to law enforcement. According to the Government, these statements will come in through the testimony of Special Agent McLaughlin and will reflect that after Kapihe made the first of four deliveries, he was aware that the items he brought into the FDC Honolulu contained controlled substances. The Government represents that

Kapihe's testimony before the grand jury, his affidavit after arrest, and the colloquy at his failed plea attempt will not be introduced.  The Government also indicates that the names of the other inmates will not be mentioned or implicated.  The statements will only address Kapihe's knowledge and will come in through the testimony of the law enforcement agent.  In Marsh, the United States Supreme Court held that "the Confrontation Clause is not violated by the admission of a nontestifying co-defendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Marsh, 481 U.S. at 211.

## II.  Right of Compulsory Process

To succeed in moving the Court to sever the trial on the basis of his alleged need for the co-defendants' testimony, Kapihe must establish "(1) that he would [have called] the [co]defendant at a severed trial, (2) that the codefendant would in fact [have testified], and (3) that the testimony would [have been]...substantially exculpatory." United States v. Pitner, 307 F.3d 1178, 1181 (9th Cir. 2002)(citation omitted).  The district court is "required to consider the weight and credibility of the proposed testimony and the economy of severance."  Id. (citation omitted).

Kapihe stated that his co-defendants would be able to

provide exculpatory testimony about his involvement in the alleged conspiracy.  Kapihe maintains that unless the trial is severed, he will not be able to compel his co-defendants to testify.

The Government argues that Kapihe's claims are based on the false assumption that Kapihe can compel his co-defendants to testify in a separate trial against him.  A criminal defendant has a Fifth Amendment privilege against self-incrimination that includes not only the privilege not to be summoned to the witness stand but also the privilege not to answer questions to which the answers might be incriminating, citing United States v. Gay, 567 F.2d 916, 918 (9th Cir. 1978).  The Government also cites Gay to note that a defendant "has no absolute right to elicit testimony from any witness, co-defendant or not, whom he may desire." (Gov. Opp. at 10, citing Gay, 567 F.2d at 918).

Kapihe has presented no evidence indicating that either or both co-defendants would in fact forfeit their right not to testify if the case were severed.  In fact, Co-defendant Kupahu, in his Position Statement filed May 12, 2006, stated that he "does not intend to waive his Fifth Amendment right to remain silent in order to provide testimony as counsel for defendant Kapihe alleges."  (Kupahu Pos. Statement at 1-2.)  On May 8, 2006, Co-defendant Astronomo stated, "It is unlikely that defendant Keoki Astronomo will testify on behalf of defendant

Kapihe.  In no event would defendant Keoki Astronomo testify on behalf of defendant Kapihe if defendant Kapihe's trial were to occur before defendant Keoki Astronomo's trial." (Astronomo Statement of No Opp. at 1).

Kapihe has clearly failed to show that co-defendants Kupahu and Astronomo would in fact have testified.  Kapihe has also failed to show that, if they were to testify, their testimony would be substantially exculpatory.  As Kapihe has failed to meet the burden required, his motion is **DENIED**.

## CONCLUSION

A joint trial of all co-defendants is in the interest of both judicial economy and the ends of justice.  The witnesses are the same and the trials would be unnecessarily duplicative by severance.

Kapihe has failed to show that Co-defendants Kupahu and Astronomo would actually testify at his trial, and he has failed to show that any testimony would be substantially exculpatory.

For the foregoing reasons, Defendant Kapihe's Motion for Severance of Defendants (Doc. No. 104) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 18, 2006.



   /s/ Helen Gillmor
Chief United States District Judge

Crim. No. 05-00490 HG-07, <u>United States v. Kapihe</u>; ORDER DENYING DEFENDANT KAPIHE'S MOTION FOR SEVERANCE OF DEFENDANTS.